UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:08-cr-251 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| ANTWAN LAKE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Antwan Lake's motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582, or, in the alternative, motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 28.) The government filed a response (Doc. No. 29), a supplemental response (Doc. No. 30), and a second supplemental response (Doc. No. 31).

On August 5, 2008, Lake pleaded guilty to four counts of possession with intent to distribute five or more grams of crack cocaine. (Minutes, Aug. 5, 2008.) Lake received a 120-month sentence, in accordance with the statutory minimum penalties then in effect. (Doc. No. 24.) Five grams normally yielded a five-year minimum sentence; however, Lake received ten years due to his prior felony conviction. After his sentence was finalized, the Fair Sentencing Act of 2010 ("FSA") became law, raising the threshold amounts of crack cocaine needed to activate the mandatory minimums pursuant to which Lake was sentenced. Pub. L. No. 111-220, 124 Stat.

2372. Under the FSA, twenty-eight grams of crack cocaine now trigger the mandatory minimums. *Id*.

In his motion, Lake argues that his present sentence is unconstitutional per the Sixth Circuit panel decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), in which the court held that the FSA and new sentencing guidelines subsequently adopted by the Sentencing Commission "can and should be interpreted to replace retroactively the old, discriminatory mandatory minimums with the new, more lenient minimums[,]" even for inmates sentenced before the FSA took effect. *Id*. at 490. The panel reversed the district court, which had used the pre-FSA statutes and guidelines at sentencing, and remanded the case for resentencing under the FSA. Similarly, Lake asks this Court to vacate his sentence and order a resentencing under current FSA statutory penalties, under which he would not face any mandatory minimums, or for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

After Lake filed his motion, the Sixth Circuit granted rehearing of *Blewett* en banc and vacated the panel decision, holding that the FSA does not apply to inmates sentenced before the FSA took effect. *United States v. Blewett*, -- F.3d --, 2013 WL 6231727, at *2 (6th Cir. 2013) (en banc). The Sixth Circuit concluded that Congress, in passing the FSA, "intended to follow the 'ordinary practice [of] apply[ing] new penalties to defendants not yet sentenced, *while withholding that change from defendants already sentenced*.'" *Id*. at *3 (quoting *Dorsey v. United States*, -- U.S. --, 132 S. Ct. 2321, 2335, 183 L. Ed. 2d 250 (2012)) (alterations and emphasis in original). Lake, who was sentenced several years before the FSA took effect, cannot be resentenced under that Act.

The Sixth Circuit also held that 18 U.S.C. § 3582(c) does not allow inmates to "circumvent[]" the FSA's inapplicability to finalized sentences. *Id*. at *2. Section 3582(c)(2)

2

permits an inmate to seek sentence reduction when the sentencing range on which his term of imprisonment was based "has subsequently been lowered *by the Sentencing Commission*[.]" *Id*. at *8 (emphasis added). Section 3582(c)(2) applies to a lowering of a sentencing range by the Sentencing Commission, "with other sentencing elements—mandatory minimums included—held constant." *Id*. at *9. In *Blewett*, the Sixth Circuit noted that *Congress* has lowered a *mandatory minimum* in the FSA, so § 3582(c)(2), by its plain terms, did not apply. *Id*. Thus, Lake cannot obtain a sentence reduction under § 3582(c)(2).

Finally, the Sixth Circuit held that the Constitution does not require inmates like Lake to be sentenced under the reduced mandatory minimums of the FSA, nor does it entitle them to sentence reduction under § 3582(c)(2). *Id*. at *11-13. Lake's 120-month sentence is not unconstitutional. The Sixth Circuit has explicitly repudiated each of Lake's grounds for relief.

For the reasons set forth above, Lake's motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582, or, in the alternative, motion to vacate pursuant to 28 U.S.C. § 2255 is DENIED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 20, 2014

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**